IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THEODORE H. FRANK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BMOCORP INC., a Missouri corporation, MICHAEL JECKLIN, an individual, and BIFF MCCULLOUGH a/k/a BIFF HUSSEIN, an individual, collectively doing business as AUTO PROTECTION 1, a fictitious name registered with the State of Missouri,<br><br>*Defendants*. | Case No.  17-cv-870<br><br>**COMPLAINT–CLASS ACTION**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Theodore Frank brings this Class Action Complaint and Demand for Jury Trial against Defendants BMOCorp Inc., Michael Jecklin, and Biff McCullough (also known as Biff Hussein) (collectively doing business as "Auto Protection 1") to stop their practice of making unsolicited autodialed telephone calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Defendants operate a call center that promotes and sells aftermarket third party auto warranties. As a primary part of marketing their products and services, Defendants place thousands of telemarketing calls to consumers nationwide.

2. Unfortunately, Defendants do not obtain prior express written consent to place these autodialed telemarketing calls and, therefore, are in violation of the Telephone Consumer

1

Protection Act ("TCPA"), 47 U.S.C. § 227.

3. The TCPA was enacted to protect consumers from unauthorized and unwanted autodialed calls exactly like the ones alleged in this case. Defendants placed these autodialed calls despite the fact that neither Plaintiff nor the other members of the Class provided Defendants with their prior express written consent to receive them.

4. By placing the autodialed calls at issue, Defendants have violated the privacy and statutory rights of Plaintiff and the Class and caused them to suffer actual harm by subjecting them to the aggravation that necessarily accompanies the receipt of such repeated and unauthorized autodialed calls.

5. Plaintiff therefore seeks an injunction requiring Defendants to stop using an autodialer to place telemarketing calls to cell phones, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Theodore Frank is a natural person is a citizen of the District of Columbia.

7. Defendant BMOCorp Inc. is a corporation organized and existing under the laws of the State of Missouri with its headquarters located at Mid-Rivers Plaza, 5865 Suemandy Drive, St. Peters, Missouri 63376.

8. Defendant Michael Jecklin is a natural person and citizen of the State of Missouri.

9. Defendant Biff McCullough, formerly known as Biff Hussein, is a natural person and citizen of the State of Missouri.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the

action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has personal jurisdiction over Defendants because they conduct business in this District, are headquartered in this District, and because the events giving rise to this lawsuit occurred in and emanated from, in substantial part, this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants maintain their headquarters in this District, conduct significant business in this District, and because the wrongful conduct giving rise to this case occurred in and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendants operate a call center that sells third-party aftermarket auto warranties. Defendants use the fictitious name "Auto Protection 1" in their business dealings and in their marketing. "Auto Protection 1" is a fictitious name registered with the State of Missouri under Charter Number X001252815. This fictitious name is registered to Defendant Jecklin, and additionally lists Defendant BMOCorp, and provides contact information for Defendant McCullough.

14. Defendant BMOCorp has taken intentional steps to obfuscate its actual structure and ownership. For instance, Defendant BMOCorp lists a Missouri lawyer for a physical address (The Law Office of Raymond Lampert), the original incorporator of the company (William Zayac) is a "Customer Specialist" at Vcorp Services, LLC (a registered agent servicer based in New York), and subsequent documents filed by BMOCorp list David Glenwinkel and Christie Krowley as the only executives despite Mr. Glenwinkel and Ms. Krowley working for Executive Management Solutions, Inc., a tax preparation company based in California and not otherwise

being related to the company.

15. On information and belief, BMOCorp is owned and operated by Defendants Jecklin and McCullough. According to the Better Business Bureau, Defendant McCullough, formerly known by the name Biff Hussein, allegedly operated a company with high numbers of consumer complaints and then changed the business's name to disassociate the company from those complaints.[1]

16. Under the Auto Protection 1 brand, Defendants sell auto warranty products administered by at least three companies: (1) Royal Administration Services, Inc.; (2) Omega Auto Care; and (3) Allegiance Administrators.[2]

17. To increase the sales of their auto warranties and boost revenues, Defendants implemented a campaign to use auto dialers to make telemarketing calls to thousands of consumers around the country. Specifically, Defendants amassed the names, phone numbers, and vehicle information for thousands of consumers, from unknown sources, and then placed unsolicited calls offering extended auto warranty coverage.

18. Unfortunately, Defendants fail to obtain any prior express written consent from consumers before bombarding their cellular telephones with autodialed telemarketing calls.

19. Defendants place these calls from numerous spoofed phone numbers with area codes from around the country. That is, Defendants used various techniques to obscure the true phone numbers from which they were calling.

20. These calls have generated numerous consumer complaints online:

---

[1] *See Mavaro Solutions To Close Amid BBB Complaints; Owners Now Sell As World Mail Direct* (available at http://www.bbb.org/stlouis/news-events/bbb-warnings/2014/10/mavaro-solutions-to-close-amid-bbb-complaints-owners-now-sell-as-world-mail-direct) (last visited Mar. 7, 2017).

[2] *See* ap-1 | ADMNISTRATION, https://www.autoprotection1.com/administration (last visited Mar. 7, 2017).

4



(**Figure 1**, showing a sample of consumer complaints about Defendants' calls).[3]

---

[3]     *See e.g.*, *703-349-4082 / 7033494082*, http://800notes.com/Phone.aspx/1-703-349-4082 (last visited Mar. 7, 2017), *716-239-4391 / 7162394391*, http://800notes.com/Phone.aspx/1-716-239-4391 (last visited Mar. 7, 2017), *214-974-5274 / 2149745274*, http://800notes.com/Phone.aspx/1-214-974-5274 (last visited Mar. 7, 2017), and *202-836-7696 / 2028367696*, http://800notes.com/Phone.aspx/1-202-836-7696 (last visited Mar. 7, 2017).

5

21.     Defendants made these telemarketing calls at issue by utilizing an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendants has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendants' automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

22.     These autodialed telephone calls to consumers' cellular telephone numbers constituted commercial advertising and telemarketing as contemplated by the TCPA. Namely, the calls at issue promoted the sale of Defendants' auto warranties to thousands of consumers.

23.     Defendants knowingly placed (and continue to place) these autodialed telemarketing calls to cell telephones without the prior express written consent of the call recipients. As such, Defendants not only invaded the personal privacy of Plaintiff and other members of the putative Class, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF THEODORE FRANK**

24.     On February 21, 2017, Plaintiff Frank received an autodialed telemarketing call from Defendants on his personal cellular telephone. Defendants placed this call using the phone number (703) 570-5637. This call interrupted Plaintiff Frank while he was working.

25.     When Plaintiff Frank answered the telemarketing call, he heard a silent delay, a click, and then background noise consistent with a telemarketing pen. A female telemarketer introduced herself as "Missy" from Auto Protection One and asked if he was "Theodore" who owned a 2012 Toyota Prius. While Plaintiff had previously owned a Toyota Prius, he sold it in

6

2016.

26. When Plaintiff informed the telemarketer that he had not provided any form of consent to receive the call and had no interest in the call, the caller laughed, and repeated the question about whether Plaintiff owned a Prius. After Plaintiff asked to speak with a supervisor, the telemarketer hung up on him.

27. Plaintiff never consented in writing—or otherwise—to receive autodialed telephone calls on his cellular telephone from Defendants.

28. Plaintiff has no relationship with Defendants, and has never requested that Defendants contact him in any manner, let alone place autodialed telemarketing calls to his cellular telephone.

29. In addition, Plaintiff registered his cellular telephone number with the National Do Not Call Registry on January 19, 2006, for the express purpose of avoiding unwanted telemarketing calls just like those placed by Defendants.

30. Defendants' intrusive telemarketing calls adversely affected Plaintiff's right to privacy. Defendants were, and are, aware that the above-described autodialed telemarketing calls were being made on a widespread basis, and that the autodialed telemarketing calls were being made to consumers who had not provided their prior express written consent to receive them.

## CLASS ALLEGATIONS

31. **Class Definition**: Plaintiff Frank brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and a class defined as follows:

> All persons in the United States who: (1) received a telephone call; (2) on his or her cellular telephone; (3) from a representative of "Auto Protection 1"; (4) that was placed using an automatic telephone dialing system; (5) for the purpose of marketing Defendants' products or services; (6) where Defendants did not have any record of prior express written consent to place such call at the time it was made.

7

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

32. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants have placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

33. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

35. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief

appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendants' conduct violated the TCPA;

(b) Whether Defendants systematically placed autodialed telemarketing calls to individuals who did not provide Defendants with their prior express written consent to receive them;

(c) Whether Defendants made the calls using an ATDS; and

(d) Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

37. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would

9

increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. Defendants placed autodialed telephone calls to Plaintiff's and the Class members' cellular telephones, without having their prior express written consent to do so.

39. Defendants' telephone calls were made for the purpose of marketing Defendants' auto warranty services.

40. Defendants placed these telemarketing calls by using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of telephone numbers, and to dial such numbers *en masse*, simultaneously and without human intervention.

41. By placing the autodialed telemarketing calls to Plaintiff and the Class's cellular telephones without their prior express written consent, Defendants violated 47 U.S.C. §227(b)(1)(A)(iii).

42. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in damages for each violation and an injunction requiring Defendants to stop their illegal autodialer campaign.

43. To the extent Defendants' misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Theodore Frank, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Theodore Frank as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate the TCPA;

C. A declaratory judgment that Defendants' telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

D. An injunction requiring Defendants to cease all unauthorized and unlawful uses of automated or computerized telephone calling equipment without first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;

E. An injunction prohibiting Defendants from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of the call recipients' prior express consent to receive calls made with such equipment, and otherwise protecting the interests of the Class;

F. An award of actual and statutory damages;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

11

Respectfully submitted,

Dated: March 10, 2017

**THEODORE H. FRANK**, individually and on behalf of all others similarly situated,

By:  /s/ Benjamin H. Richman
      One of Plaintiff's Attorneys

Jay Edelson**
jedelson@edelson.com
Benjamin H. Richman*
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian**
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Attorneys for Plaintiff and the Class*

\*   *Admitted pro hac vice.*
\*\* *Admission pro hac vice to be submitted*.