# Exhibit 1

# SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made and entered into as of _____September 12_____, 2018, between THEODORE H. FRANK ("Frank") and BMOCORP INC. ("BMOCorp"), MICHAEL JECKLIN ("Jecklin"), BIFF MCCULLOUGH a/k/a BIFF HUSSEIN ("McCullough"), individually, and BMOCorp Inc., Jecklin, and McCullough collectively doing business as AUTO PROTECTION 1 ("Auto Protection"). BMOCorp, Jecklin, McCullough, and Auto Protection together are referred to as "Defendants." Frank, BMOCorp, Jecklin, McCullough, and Auto Protection are collectively referred to as the "Parties," and each a "Party."

**WHEREAS,** Frank is the plaintiff and putative class representative in a lawsuit against Defendants in the United States District Court for the Eastern District of Missouri, captioned *Frank v. BMOCorp Inc., et al.*, No. 4:17-CV-00870-RWS (the "Action");

**WHEREAS**, Frank alleges on behalf of himself and a putative class that Defendants placed numerous and repeated telemarketing calls in order to promote their businesses, and that those calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, insofar as they were made using automated telephone dialing systems and without the consent of the call recipients;

**WHEREAS**, Defendants expressly denied and disputed, and continue to deny and dispute, all allegations of wrongdoing made in the Action by Frank and/or the putative class members and denied and disputed, and continue to deny and dispute, any and all liability to Frank and/or the putative class related to and/or arising out of the Action and admit no wrongdoing of any kind nor any liability, nor acknowledge any breach of any agreement, warranty, statute, or law;

**WHEREAS**, Defendants have ceased all business operations at issue in the Action;

**WHEREAS**, after further investigation into the facts underlying Frank's claims, investigation into the likelihood of obtaining any recovery for either himself or the putative class he seeks to represent, including Defendants' ability to pay any judgment that might be entered against them in the Action, and through discussions with Defendants' counsel, Frank and his attorneys believe that settlement under the terms presented in this Agreement is the best course of action for an efficient adjudication of Frank's individual claims; and

**WHEREAS**, without any admission as to fault, liability, or wrongdoing, or as to the validity or correctness of any Party's respective position, allegations, claims, or defenses in this Action, the Parties believe, after fully investigating the facts and analyzing the legal issues, in consideration of all the circumstances, that their interests are best served by entering into the settlement set forth in this Agreement, interests which include, but are not limited to, the desire to avoid the costs, expenses, and uncertainty of future legal proceedings and to finally, conclusively, and voluntarily settle, compromise, and resolve any and all claims or causes of action that Frank in his individual capacity had, has, or may have had at any time against BMOCorp, Jecklin, McCullough, and Auto Protection based upon, arising out of, or relating in any way to the Action.

**NOW, THEREFORE,** in consideration of the recitals, mutual promises, covenants, releases and agreement contained herein, the adequacy and sufficiency of which is hereby acknowledged, the Parties, intending to be bound, hereby agree as follows:

1. <u>Incorporation of Recitals</u>.  The Parties hereto agree, represent, and warrant that the recitals set forth above are true and correct. Said recitals are incorporated herein by this reference.

2. <u>Injunctive Relief</u>. In consideration for the termination and dismissal with prejudice of this Action as set forth herein, Defendants shall consent to the entry of an injunction against them. The injunction shall require that the following remain in effect for a period of four (4) years from the date the injunction is entered (the "Effective Date"):

 (a) Defendants shall be enjoined from making any telemarketing call through the use of an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless such call is made to collect a debt owed to or guaranteed by the United States; made for emergency purposes; made with prior express consent of the called party; or otherwise made in compliance with the TCPA, the rules and regulations promulgated thereunder, and/or applicable case law; or made as an employee acting in the course of a business in which Defendants have no control over or authority to determine TCPA compliance.

Should Defendants carry out any telemarketing through the use of an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless such call is made to collect a debt owed to or guaranteed by the United States, made for emergency purposes, made with prior express consent of the called party, or otherwise made in compliance with the TCPA, the rules and regulations promulgated thereunder, and/or applicable case law, or made as an employee acting in the course of a business in which Defendants have no control over or authority to determine TCPA compliance, after the expiration of the injunction described above, each Defendant shall be subject to the following terms:

 (a) they shall create and maintain a database of consumers who provide prior express consent to receive such calls, including the date and manner in which such consent was obtained;

 (b) they shall implement reasonable procedures to ensure that no phone number on the National Do Not Call Registry is called absent prior express consent from the person assigned the number; and

 (c) they shall develop and implement a written TCPA compliance policy.

The injunction contemplated in this Provision 2 shall be entered in substantially the same form as the Stipulated Injunction and Dismissal Order (the "Order") attached to this Agreement as Exhibit 1. If the Court does not enter the Order in substantially the form attached to this Agreement, any Party may elect to terminate this Agreement, in which case the Parties shall be returned to the *status quo ante* prior to execution of this Agreement and the Agreement shall be deemed null and void.

3. <u>No Incentive Award nor Payment of Attorneys' Fees and Costs</u>. The injunctive relief described in Paragraph 2 shall be the exclusive consideration under this Agreement. Frank will receive no monetary payment, and each Party shall bear their own attorneys' fees, expert and consultant fees, if any, costs, and any other expenses to date incurred in connection with this Agreement or the Action.

4. <u>Individual Release and Covenant Not to Sue</u>. In consideration of the promises set forth in this Agreement, as well as the execution and performance of this Agreement under the terms set forth herein, as of the Effective Date, Frank, on behalf of himself, his representatives, heirs, beneficiaries, assigns, attorneys, and agents, fully, completely, and forever, to the fullest extent permitted by law, releases, acquits, satisfies, and forever discharges Defendants, their parent corporations, subsidiaries, affiliates, related companies, and joint ventures, and each their agents, employees, representatives, predecessors, successors, assigns, shareholders, officers, directors, distributors, managers, principals, customers, attorneys, affiliates, affiliate networks, insurers, heirs, beneficiaries, representatives, owners (direct and indirect), assigns, executors and administrators, collectively the "Released Parties," from any and all claims, rights, demands, obligations, agreements, contracts, representations, promises, liens, accounts, debts, liabilities, expenses, damages, costs, interest, attorney's fees, costs, judgments, orders, and causes of action

of every kind and nature, whether known or unknown, suspected or unsuspected, existing or potential, legal or equitable, which Frank had, has, or asserts, or may hereafter have or assert, against the Released Parties that are based upon, arising out of, or relating to the Action, including, but not limited to, all claims for damages and any other form of relief arising out of the facts, circumstances, and claims alleged in the Action.

Frank agrees and acknowledges he or his attorneys may hereafter discovery facts different from or in addition to the facts Frank or his attorneys now know or believe to be true. Frank further agrees and acknowledges he or his attorneys may hereafter discover other damages, claims, causes of action, or liabilities against the Defendants different from or in addition to the damages, claims, causes of action, or liabilities that Frank or his attorneys now know or believe to be true. It is the intention of Frank to fully, completely, and forever, to the fullest extent permitted by law, settle and discharge any and all damages, claims, causes of action, or liabilities which presently exist or which could have existed between the Parties through the Effective Date of this Agreement, and that in furtherance of such intention, the release herein given shall be, and remains in effect as, a full and complete general release notwithstanding the discovery of any different or additional facts or damages, claims, causes of action, or liabilities that may exist. This Agreement is expressly intended to cover and include all such facts, damages, claims, causes of action, and liabilities, including, but not limited to, all rights of action relating thereto.

Frank agrees and acknowledges that he shall not sue or initiate any legal action, in any location, against Defendants or any of the Released Parties based upon, arising out of, or relating to the allegations in the Action. This release shall in no way extend to any members of the

putative class alleged in the Action; each putative class member shall retain his or her right to pursue any type of relief for any claims related to those raised in the Action.

5. <u>Enforcement of Agreement and Injunction</u>. This Agreement shall be governed by and will be construed in accordance with the laws of the State of Missouri. The Parties agree that the state and federal courts located in St. Louis County, Missouri (the "Court") shall have exclusive jurisdiction over them for all purposes relating to the implementation and effectuation of this Agreement and all provisions thereof. Any and all disputes, requests or petitions regarding or arising out of the enforcement, construction, administration or interpretation of the Agreement must be made, if at all, to the Court by means of commencing an action seeking enforcement of the terms of this Agreement.

To the extent any Party is required to employ the services of an attorney based upon, arising out of, or otherwise related to the enforcement, construction, administration, or interpretation of this Agreement, the prevailing Party in any such dispute shall be entitled to his/its reasonable attorneys' fees and costs from the non-prevailing Party, including any reasonable attorneys' fees and costs incurred in appellate proceedings, as determined by the Court or any court of competent jurisdiction.

6. <u>No Admission of Liability</u>. The Parties understand, acknowledge, and agree that nothing in this Agreement, nor any act of any Party hereto, including, but not limited to, the execution of this Agreement, is, shall, or should be intended, treated, deemed, or construed as an admission of any liability, fault, responsibility, guilt, misconduct, or wrongdoing by any other Party; all such liability, fault, responsibility, guilt, misconduct, or wrongdoing of any kind or nature being expressly denied.

7. <u>Entire Agreement</u>. This Agreement contains the entire agreement among the Parties and supersedes any prior agreements or understandings between them. It shall be construed as if drafted by all the Parties.

8. <u>Agreement May Be Executed in Counterparts</u>. This Agreement may be executed in counterparts, all of which together shall constitute and be considered a fully executed original. The Parties agree that facsimile or PDF copies of signatures may be accepted as original copies and are fully binding upon the Parties.

9. <u>Severability</u>. In the event that any provision in or obligation under this Agreement shall be determined by any court of competent jurisdiction to be invalid, illegal, or unenforceable, the validity, legality, or enforceability of other provisions in or obligations under this Agreement shall not in any way be affected or impaired thereby.

10. <u>Amendment to Agreement</u>. Any amendment to this Agreement must be in a writing signed by duly authorized representatives of the Parties hereto and stating the intent of the Parties to amend this Agreement.

11. <u>Authority</u>. By executing this Agreement, each of the Parties represents that he or it has the right, legal capacity, power and authority to enter into this Agreement and to perform its obligations hereunder. The execution of this Agreement by the Parties, the performance by the Parties of their obligations hereunder, and the transactions contemplated hereby do not require any further action or the consent of any third party.

12. <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to the benefit of all Parties, including, but not limited to, the past, present, or future legal successors, subrogees, assigns, transferees, grantees, heirs, beneficiaries, representatives, executors and administrators

of each Party, and, to the extent expressly provided, shall obligate, extend to, and inure to the benefit of the Released Parties.

13. <u>Agreement Constitutes a Complete Defense</u>. Acceptance of the consideration set forth in Section 2, *supra*, and the execution of this Agreement is a complete and final compromise, settlement, and bar to any and all liabilities, claims, actions, causes of action, suits, debts, liens, rights, duties, obligations, agreements, promises, representations, damages, sums of money, accounts, reckonings, costs, attorneys' fees, claims for attorneys' fees, claims for costs, claims for any distributions or demands, of every kind and nature, whether known or unknown, suspected or unsuspected, existing or potential, legal or equitable, in any matter based on, arising out of, or relating to the matters released by the Agreement pursuant to Section 4, *supra*, or the allegations and claims asserted in the Action, and no additional consideration of any kind is promised for the execution of this Agreement, or in return for any other release or compromise in connection with any matters referred to herein. To the greatest extent permitted by law, this Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding that may be instituted, prosecuted, or attempted against the Parties or Released Parties that is contrary to this Agreement.

[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

|                              | **THEODORE FRANK**, Plaintiff |
|---|---|
| Dated: 13 August 2018 | By: *(signature)* |

|                              | **BMOCORP INC.**, Defendant |
|---|---|
| Dated: 9/12/18 | By: *(signature)* Biff |

|                              | **MICHAEL JECKLIN**, Defendant |
|---|---|
| Dated: | By: |

|                              | **BIFF MCCULLOUGH a/k/a BIFF HUSSEIN**, Defendant |
|---|---|
| Dated: 9/12/18 | By: *(signature)* Biff |

|                              | **AUTO PROTECTION 1**, Defendant |
|---|---|
| Dated: 9/12/18 | By: *(signature)* Biff |
|                              | Its: |

Dated: 13 August 2018

**THEODORE FRANK**, Plaintiff

By: _/s/ Theodore Frank_

**BMOCORP INC.**, Defendant

Dated: _____

By: _____

Dated: 9-12-18

**MICHAEL JECKLIN**, Defendant

By: _/s/ Michael Jecklin_

**BIFF MCCULLOUGH a/k/a BIFF HUSSEIN**, Defendant

Dated: _____

By: _____

**AUTO PROTECTION 1**, Defendant

Dated: _____

By: _____

Its: _____

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THEODORE H. FRANK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BMOCORP INC., a Missouri corporation, MICHAEL JECKLIN, an individual, and BIFF MCCULLOUGH a/k/a BIFF HUSSEIN, an individual, collectively doing business as AUTO PROTECTION 1, a fictitious name registered with the State of Missouri,<br><br>*Defendant*. | Case No. 4:17-CV-00870-RWS<br><br>Honorable Rodney W. Sippel |

**STIPULATED INJUNCTION AND DISMISSAL**

Plaintiff Theodore H. Frank ("Plaintiff") and Defendants BMOCorp Inc., Michael Jecklin, Biff McCullough a/k/a Biff Hussein, and Auto Protection 1 (collectively, "Defendants"), by and through their undersigned counsel, hereby stipulate and agree to entry of the following injunction and dismissal of the above-titled action (the "Action"). In support of this stipulation, the Parties state as follows:

WHEREAS, on March 10, 2017, Plaintiff filed the Action in this Court seeking relief on behalf of himself and a putative class, alleging that Defendants' telemarketing calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*;

WHEREAS, Defendants have represented that Auto Protection 1 is no longer operating and Defendants are no longer engaging in any ongoing telemarketing campaigns and currently have no plans to engage in any such campaign in the future;

WHEREAS, Plaintiff's further investigation into the likelihood of obtaining any relief for himself or the class has revealed that Defendants are unable to pay any judgment that may have been entered against them should this litigation have continued in Plaintiff's favor;

WHEREAS, the Parties negotiated and reached a Settlement Agreement and Release (the "Settlement," a copy of which is attached hereto as Exhibit 1);

WHEREAS, the Settlement provides for entry of an injunction against Defendants in exchange for a dismissal *with* prejudice of Plaintiff's individual claims only and *without prejudice* as to putative class's claims, leaving putative class members free to pursue any claims against Defendants;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED:**

1. For a period of four (4) years from the entry of this stipulated injunction, each Defendant shall be subject to the following terms:

> Defendants shall be enjoined from making any telemarketing call through the use of an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless such call is made to collect a debt owed to or guaranteed by the United States; made for emergency purposes; made with prior express consent of the called party; or otherwise made in compliance with the TCPA, the rules and regulations promulgated thereunder, and/or applicable case law; or made as an employee acting in the course of a business in which Defendants have no control over or authority to determine TCPA compliance.

2. Should Defendants carry out any telemarketing through the use of an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless such call is made to collect a debt owed to or guaranteed by the United States, made for emergency purposes, made with prior express consent of the called party, or otherwise made in compliance with the TCPA, the rules and regulations promulgated thereunder, and/or applicable case law, or made as an employee acting in the course

of a business in which Defendants have no control over or authority to determine TCPA compliance, after the expiration of the injunction described above, each Defendant shall be subject to the following terms:

    a.    they shall create and maintain a database of consumers who provide prior express consent to receive such calls, including the date and manner in which such consent was obtained;

    b.    they shall implement reasonable procedures to ensure that no phone number on the National Do Not Call Registry is called absent prior express consent from the person assigned the number; and

    c.    they shall develop and implement a written TCPA compliance policy.

3.    Plaintiff's individual claims are hereby dismissed *with* prejudice and the claims of the putative class are dismissed *without* prejudice, with the Parties to bear their own attorneys' fees, costs, and other expenses in any way related to the Action.

**IT IS SO STIPULATED.**

                        **THEODORE FRANK**,

Dated: August __, 2018        By:_____
                                      One of Plaintiff's Attorneys

                                  Jay Edelson*
                                  jedelson@edelson.com
                                  Benjamin H. Richman*
                                  brichman@edelson.com
                                  EDELSON PC
                                  350 North LaSalle Street, 13th Floor
                                  Chicago, Illinois 60654
                                  Tel: 312.589.6370
                                  Fax: 312.589.6378

|  |  |
|---|---|
|  | Rafey S. Balabanian*<br>rbalabanian@edelson.com<br>EDELSON PC<br>123 Townsend Street<br>San Francisco, California 94107<br>Tel: 415.212.9300<br>Fax: 415.373.9435 |
|  | **BMOCORP INC., MICHAEL JECKLIN,** and **BIFF MCCULLOUGH,** |
| Dated: August __, 2018 | By: _____<br>     One of Defendants' Attorneys |
|  | Beth-Ann E. Krimsky*<br>beth-ann-krimsky@gmlaw.com<br>Lawren A. Zann<br>lawren.zann@gmlaw.com<br>GREENSPOON MARDER, LLP<br>200 East Broward Blvd., Suite 1800<br>Fort Lauderdale, Florida 33301<br>Tel: 954.527.2427<br>Fax: 954.333.4027<br>*Attorneys for Defendants* |
|  | *Admitted pro hac vice |

**IT IS SO ORDERED.**

ENTERED: _____

_____
THE HONORABLE RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE