# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THEODORE H. FRANK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BMOCORP INC., a Missouri corporation, MICHAEL JECKLIN, an individual, and BIFF MCCULLOUGH a/k/a BIFF HUSSEIN, an individual, collectively doing business as AUTO PROTECTION 1, a fictitious name registered with the State of Missouri,<br><br>*Defendant*. | Case No. 4:17-CV-00870-RWS<br><br>Honorable Rodney W. Sippel |

## STIPULATED INJUNCTION AND DISMISSAL

Plaintiff Theodore H. Frank ("Plaintiff") and Defendants BMOCorp Inc., Michael Jecklin, Biff McCullough a/k/a Biff Hussein, and Auto Protection 1 (collectively, "Defendants"), by and through their undersigned counsel, hereby stipulate and agree to entry of the following injunction and dismissal of the above-titled action (the "Action"). In support of this stipulation, the Parties state as follows:

WHEREAS, on March 10, 2017, Plaintiff filed the Action in this Court seeking relief on behalf of himself and a putative class, alleging that Defendants' telemarketing calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*;

WHEREAS, Defendants have represented that Auto Protection 1 is no longer operating and Defendants are no longer engaging in any ongoing telemarketing campaigns and currently have no plans to engage in any such campaign in the future;

1

WHEREAS, Plaintiff's further investigation into the likelihood of obtaining any relief for himself or the class has revealed that Defendants are unable to pay any judgment that may have been entered against them should this litigation have continued in Plaintiff's favor;

WHEREAS, the Parties negotiated and reached a Settlement Agreement and Release (the "Settlement," a copy of which is attached hereto as Exhibit 1);

WHEREAS, the Settlement provides for entry of an injunction against Defendants in exchange for a dismissal *with* prejudice of Plaintiff's individual claims only and *without prejudice* as to putative class's claims, leaving putative class members free to pursue any claims against Defendants;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED:**

1. For a period of four (4) years from the entry of this stipulated injunction, each Defendant shall be subject to the following terms:

> Defendants shall be enjoined from making any telemarketing call through the use of an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless such call is made to collect a debt owed to or guaranteed by the United States; made for emergency purposes; made with prior express consent of the called party; or otherwise made in compliance with the TCPA, the rules and regulations promulgated thereunder, and/or applicable case law; or made as an employee acting in the course of a business in which Defendants have no control over or authority to determine TCPA compliance.

2. Should Defendants carry out any telemarketing through the use of an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless such call is made to collect a debt owed to or guaranteed by the United States, made for emergency purposes, made with prior express consent of the called party, or otherwise made in compliance with the TCPA, the rules and regulations promulgated thereunder, and/or applicable case law, or made as an employee acting in the course

of a business in which Defendants have no control over or authority to determine TCPA compliance, after the expiration of the injunction described above, each Defendant shall be subject to the following terms:

    a. they shall create and maintain a database of consumers who provide prior express consent to receive such calls, including the date and manner in which such consent was obtained;

    b. they shall implement reasonable procedures to ensure that no phone number on the National Do Not Call Registry is called absent prior express consent from the person assigned the number; and

    c. they shall develop and implement a written TCPA compliance policy.

3. Plaintiff's individual claims are hereby dismissed *with* prejudice and the claims of the putative class are dismissed *without* prejudice, with the Parties to bear their own attorneys' fees, costs, and other expenses in any way related to the Action.

**IT IS SO STIPULATED.**

**THEODORE FRANK,**

Dated: September 12, 2018

By: /s/ Benjamin H. Richman
One of Plaintiff's Attorneys

Jay Edelson*
jedelson@edelson.com
Benjamin H. Richman*
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

3

Rafey S. Balabanian*
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

**BMOCORP INC., MICHAEL JECKLIN,** and **BIFF MCCULLOUGH,**

Dated: September 12, 2018

By: /s/ Lawren A. Zann (with permission)
One of Defendants' Attorneys

Beth-Ann E. Krimsky*
beth-ann-krimsky@gmlaw.com
Lawren A. Zann
lawren.zann@gmlaw.com
GREENSPOON MARDER, LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: 954.527.2427
Fax: 954.333.4027
*Attorneys for Defendants*

*Admitted pro hac vice

**IT IS SO ORDERED.**

ENTERED: September 13, 2018

_____
THE HONORABLE RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

4